671 A.2d 155

A.F. AND A.G.,[1] ET AL., INDIVIDUALLY AND IN BEHALF OF ALL OTHERS SIMILARLY SITUATED,[2] PLAINTIFFS–APPELLANTS, v. WILLIAM H. FAUVER, COMMISSIONER–DEPARTMENT OF CORRECTIONS, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted January 31, 1996—Decided February 14, 1996.

---

[1] The initials used in the caption are fictitious. This court has, for the purposes of confidentiality, refrained from identifying the names of those involved.

[2] Despite the captioning of this matter as an apparent class action, we decline to recognize it as such. *See R.* 4:32–2(a).

Before Judges SHEBELL and WALLACE.

*A.F.* and *A.G.*, appellants *pro se* (*A.F.* and *A.G.*, on the letter-brief).

*Deborah T. Poritz,* Attorney General of New Jersey, attorney for respondent (*Rhonda S. Berliner–Gold,* Deputy Attorney General, on the brief).

The opinion of the court was delivered by

SHEBELL, P.J.A.D.

On February 6, 1995, William H. Fauver, the Commissioner of the Department of Corrections, proposed an amendment to *N.J.A.C.* 10A:4–4.1(a), which enumerates "Prohibited Acts" by inmates, adding "Refusal to register as a sex offender," pursuant to Megan's Law (*N.J.S.A.* 2C:7–1 to 11), to the list of prohibited acts. A.F. filed comments expressing his concerns regarding the constitutionality of the proposed amendment.

The amendment was adopted without change on April 7, 1995, and became effective May 1, 1995. The procedures employed in the adoption fully complied with the Department's regulations concerning amendment of rules and procedures.

On June 15, 1995, A.F. and A.G. appealed the Department's amendment of *N.J.A.C.* 10A:4–4.1(a) to this court. A.F. and A.G. are both serving sentences at the Adult Diagnostic and Treatment Center (ADTC) in Avenel, for sexual offenses previously committed by them, that are covered by the requirements of Megan's Law. ADTC is under the control of the Department and is subject to its rules and regulations. *N.J.S.A.* 30:1B–8. A.F.'s scheduled release date was January 21, 1996, while A.G.'s is October 1, 1996.[3]

Upon their respective releases, appellants will both be subject to Megan's Law, which was signed into law on October 31, 1994. Its provisions require certain sex offenders to register with the authorities and require the authorities to notify the community of their presence. *See N.J.S.A.* 2C:7–1 to 11. One provision states, in part:

> A person confined in a correctional ... facility or involuntarily committed who is required to register shall register prior to release in accordance with procedures established by the Department of Corrections ...
>
> [*N.J.S.A.* 2C:7–2c(2).]

Further, *N.J.S.A.* 2C:7–2(a) says:

> A person who fails to register as required under this act shall be guilty of a crime of the fourth degree.

The Department's amendment to *N.J.A.C.* 10A:4–4.1(a) added "Refusal to register as a sex offender" to the list of acts punishable if committed by an inmate. *N.J.A.C.* 10A:4–4.1(a), as amended, now reads in pertinent part:

> An inmate who commits one or more of the following numbered prohibited acts shall be subject to disciplinary action and a sanction that is imposed by a Disciplinary Hearing Officer or Adjustment Committee. Prohibited acts preceded by an asterisk are considered the most serious and result in the most severe sanctions
>
> \*  \*  \*  \*  \*  \*  \*  \*

---

[3] A.F. has since registered as a sex offender while incarcerated, and, therefore, is not subject to discipline. The issue as to him is, therefore, moot. *See Oxfeld v. N.J. State Bd. of Ed.*, 68 *N.J.* 301, 303–04, 344 A.2d 769 (1975).

\* .054    Refusal to register as a sex offender

\*    \*    \*    \*    \*    \*    \*    \*

An inmate who fails to comply with the regulation is subject to administrative disciplinary sanctions. *See N.J.A.C.* 10A:4–5.1.

Appellants argue that: (1) the amendment is arbitrary and fails to be sufficiently definite to inform those subject to it as to what is required of them to comply with the rule; (2) the proposed amendment violates the *Ex Post Facto* clauses of the U.S. and New Jersey Constitutions; (3) the amendment contravenes the legislative effect of Megan's Law and has no legal authority; and (4) the amendment exceeds the legal authority of the Commissioner by attempting to regulate conduct which could be deemed a criminal act or omission pursuant to Megan's Law in violation of current New Jersey administrative law and procedure.

*N.J.S.A.* 2C:7–2c(2) provides that a person confined in a correctional facility, who is required to register, shall register prior to release in accordance with procedures established by the Department of Corrections. Pursuant to this provision, the Department has established procedures and notifies persons under its supervision of the obligation to register.

The scope of judicial review of an administrative rule is whether that rule is arbitrary and capricious. *Bergen Pines County Hosp. v. Dept. of Human Serv.,* 96 *N.J.* 456, 477, 476 *A.*2d 784 (1984). An agency regulation is accorded a presumption of validity and reasonableness and the burden is on the challenger to overcome these presumptions. *Ibid.*

We find no merit to the contention that the amendment is vague and thus unconstitutional or that other adequate procedural safeguards are not in place to protect inmates' rights once accused of committing a "prohibited act." The amendment to the regulation merely adds "Refusal to register as a sex offender" to the list of prohibited acts for which inmates can be punished. The term refusal is to be accorded its ordinary meaning. "Refuse" is defined as "to show or express a positive unwillingness to do or

comply with;" while "refusal" is "the act of refusing." *Webster's Third New International Dictionary,* (3d ed. 1971). Thus, the requirement of the amendment is clear.

The obligation "to register as a sex offender" under Megan's Law is spelled out in the statute:

c. A person required to register under the provisions of this act shall do so on forms to be provided by the designated registering agency as follows:

\*    \*    \*    \*    \*    \*    \*    \*

(2) A person confined in a correctional ... facility or involuntarily committed who is required to register shall register prior to release in accordance with procedures established by the Department of Corrections ...

[*N.J.S.A.* 2C:7–2c(2).]

Under *N.J.S.A.* 2C:7–4, the form of registration shall be distributed to the Department of Corrections by the Superintendent of the State Police, and shall include:

(1) A statement in writing signed by the person required to register acknowledging that the person has been advised of the duty to register and reregister imposed by this act and including the person's name, social security number, age, race, sex, date of birth, height, weight, hair and eye color, address of legal residence, address of any current temporary residence, and place of employment;

(2) Date and place of each conviction, adjudication or acquittal by reason of insanity, indictment number, fingerprints, and a brief description of the crime or crimes for which registration is required and

(3) Any other information that the Attorney General deems necessary to assess risk of future commission of a crime, including criminal and corrections records, nonprivileged personnel, treatment, and abuse registry records, and evidentiary genetic markers when available.

[*N.J.S.A.* 2C:7–4b.]

Because of these statutory provisions, plaintiffs are on notice, as are all persons, of the requirements of registration and may be punished for refusing to comply with them.

Further, the present amendment did not change the disciplinary procedure, and its validity is beyond attack. Our Supreme Court in *McDonald v. Pinchak,* 139 *N.J.* 188, 202–03, 652 *A.2d* 700 (1995), recently reaffirmed the constitutionality of the procedure.

Plaintiffs' argument that this court should deem the amendment to *N.J.A.C.* 10A:4–4.1(a) invalid because it violates the *Ex Post Facto* clauses of the United States and New Jersey Constitutions

has been settled for this court by the Supreme Court's holding in *Doe v. Poritz*, 142 *N.J.* 1, 43, 73–74, 662 *A.*2d 367 (1995).

We reject as without merit plaintiffs' argument that the remedies for failure to register are fully prescribed in Megan's Law and that the Department is limited to whatever methods of punishment that are expressly provided for therein. The United States Supreme Court has held that "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *O'Lone v. Estate of Shabazz*, 482 *U.S.* 342, 349, 107 *S.Ct.* 2400, 2404, 96 *L.Ed.*2d 282, 290 (1987).

In this regard, the proposal for the amendment stated:

The proposed amendment of adding *.054 refusal to register pursuant to *N.J.S.A.* 2C:52–2 to the list of prohibited acts will enable the correctional facility administration to initiate the disciplinary process when an inmate refuses to register … [I]t is the intent of the Department to comply with the law and safeguard the public at large.

The New Jersey Register further cited the following response by the Department to a public comment made to the proposed amendment:

The intent of the Department of Corrections to add refusal to register as a sex offender to the list of prohibited acts is to comply with the law which clearly requires a system of registration for sex offenders. Hence, the addition of this prohibited act does not exceed the authority of the law, but rather supplements the law by creating a disciplinary procedure for managing those offenders who refuse to register. Since the law requires the offender's address of legal residence and any current temporary address, a person who must provide this information and does not do so will be deemed to have refused to register.

[27 *N.J.R.* 1801.]

It is clear to this court that the amendment is reasonably related to a legitimate penological interest and is thus valid.

We find, after full and careful consideration, that each of appellants' contentions are clearly without merit. *R.* 2:11–3(e)(1)(E). We, therefore, conclude that the amendment of *N.J.A.C.* 10A:4–4.1(a) is valid.

Affirmed.